UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ARCHIBALD CUNNINGHAM,<br><br>Plaintiff,<br><br>v.<br><br>JOHN SCOTT MCKAY, et al.,<br><br>Defendants. | Case No. 13-cv-04627-WHO<br><br>**ORDER GRANTING MOTIONS TO DISMISS AND DENYING MOTION TO DECLARE PLAINTIFF A VEXATIOUS LITIGANT**<br><br>Re: Dkt. Nos. 8, 13, 26, 81 |

On January 8, 2014 the Court heard oral argument on defendants' motions to dismiss and the motion to declare plaintiff Archibald Cunningham ("Cunningham") a vexatious litigant. Having considered the papers submitted and arguments made, and for the reasons discussed below, the Court GRANTS the motions to dismiss WITH PREJUDICE and DENIES the motion to declare Cunningham a vexatious litigant.

## BACKGROUND

This case stems from an underlying state court proceeding where Cunningham sued defendants John Scott McKay, Michael Coombs and Tamara Woods for fraud, deceit, breach of contract, and declaratory relief. Complaint ¶ 1 (citing San Francisco Superior Court, Case # CGC-11-511994). In the underlying lawsuit ("2011 State Court action"), Cunningham argued that McKay, Coombs and Woods ("Non-Judicial Defendants")[1] breached the parties' 2009 CC&Rs applicable to the units Cunningham and Coombs/Woods lived in ("Property") and that the Non-Judicial Defendants wrongly contended in a proceeding to enforce an arbitration award that a 2007

---

[1] Defendants Coombs and Woods are the owners of one unit and Cunningham is the owner of the other in a two-unit building ("Property"), that Cunningham contends is governed by the 2009 CC&Rs and not the 2007 TIC Agreement. Defendant McKay is an attorney who represented Coombs and Woods in the 2011 State Court action and represented Coombs and Woods in a 2010 action filed in San Francisco Superior Court to compel arbitration and subsequently to confirm the arbitration award regarding the Property. Case No. CPF 10-510760 ("2010 Petition to Compel").

TIC (Tenancy-in-Common) agreement for the Property governed instead.  *See* Complaint ¶ 14; *see also* Exhibit 20 to Non-Judicial Defendants Request for Judicial Notice (Docket No. 76-1), 2011 State Court Complaint.[2]

Judge Cheng – a defendant in this case – dismissed the 2011 State Court action because Cunningham failed to post a $50,000 bond that Judge Cheng determined was required under California's Vexatious Litigant Statute ("VLS"), Cal. Code Civ. Proc. § 391 *et seq*.  Complaint ¶ 1.[3]  Cunningham appealed that ruling (Appeal No. A134206, California Court of Appeal, 1st Appellate Dist., Div 2), and it was affirmed by defendants in this case Justices Kline and Richmond.  Ex. 5 to Judicial Defendants RJN.[4]

In this case, Cunningham sues Judge Cheng and appellate Justices Kline and Richmond ("Judicial Defendants"), California's Attorney General Kamala Harris and California Supreme Court Chief Justice Cantil-Sakauye – for violation of Cunningham's civil rights under 42 U.S.C. § 1983 and California's Bane Act (Civil Code § 52.1(b)).  The Judicial Defendants are sued for their roles in imposing the $50,000 security requirement against Cunningham under the VLS in order for Cunningham to prosecute his civil case and for dismissing that case when Cunningham failed to post the security (Judge Cheng), and for allowing defendant McKay to file motions for security in Cunningham's appellate cases in violation of the VLS statutes (Justice Kline and Richmond).  Complaint ¶¶ 73-108.  Cunningham argues that the Judicial Defendants have violated his due process and equal protection rights by depriving him of a judicial forum and imposing the VLS security requirement even though he was represented in the 2011 State Court action.

Cunningham sues California Attorney General Kamala Harris solely for "upholding and enforcing" laws under the California Constitution and California statutes.  Complaint ¶ 15.

---

[2] In the 2011 State Court Complaint, Cunningham also sued two San Francisco Superior Court judges over their actions in the 2010 Petition to Compel proceedings (San Francisco Superior Court Case No. CPF 10-510760).  2011 State Court Complaint, at pgs. 4-10; *see also* Judicial Defendants Request for Judicial Notice (Docket No. 15), Ex. 2, Docket Sheet for Case No. CPF 10-510760.  Those Superior Court judges are not defendants in this action.
[3] Cunningham had been declared a vexatious litigant under C.C.P. § 391 *et seq*. by a San Francisco Superior Court judge in 2009.  Complaint at pg. 2 n.3.
[4] Cunningham also appealed from the order confirming the arbitration award in the 2010 Petition to Compel case.  That order was likewise affirmed on appeal by defendants Justices Kline and Richmond.  Appeal No. A134914, Ex. 3 to Judicial Defendants' RJN.

Cunningham sues California Supreme Court Chief Justice Cantil-Sakauye in her role as the director of the Judicial Council, the state agency responsible for court rules and proceedings. *Id*. ¶ 16.

Cunningham also sues the Non-Judicial Defendants McKay, Coombs and Woods, arguing they violated his civil rights by seeking to impose the $50,000 security in the superior court and moving for imposition of security at the appellate level. Complaint ¶¶ 89 – 108. He then reasserts his causes of action from the 2011 State Court Complaint against the Non-Judicial Defendants, arguing that the Non-Judicial Defendants made false statements in the 2010 Petition to Compel proceedings, performed unpermitted work on the Property, violated and attempted to rewrite the 2007 TIC Agreement, corruptly tried to force a sale of Cunningham's unit, and made various false allegations in the 2011 State Court action and the appeals therefrom. *Id*. ¶¶ 110 – 140.

Currently before the Court are Motions to Dismiss filed by the Judicial Defendants (and joined by the Non-Judicial Defendants), the Chief Justice Cantil-Sakauye, and the Attorney General Kamala Harris. Also before the Court is a motion to declare Cunningham a vexatious litigant and to impose a pre-filing order on him pursuant to 28 U.S.C. § 1651.

**LEGAL STANDARD**

Under Federal Rule of Civil Procedure 12(b)(1), a district court must dismiss a complaint if the court does not have jurisdiction over it. In reviewing a "facial" jurisdictional attack, the jurisdictional challenge is confined to the allegations pled in the complaint. *See Wolfe v. Strankman*, 392 F.3d 358, 362 (9th Cir. 2004). The challenger asserts that the allegations in the complaint are insufficient "on their face" to invoke federal jurisdiction. *See Safe Air Safe Air for Everyone v. Meyer*, 373 F.3d 1035, 1039 (9th Cir. 2004). To resolve this challenge, the court assumes that the allegations in the complaint are true and draws all reasonable inference in favor of the party opposing dismissal. *See Wolfe*, 392 F.3d at 362.

Under Federal Rule of Civil Procedure 12(b)(6), a district court must dismiss a complaint if it fails to state a claim upon which relief can be granted. To survive a Rule 12(b)(6) motion to dismiss, the plaintiff must allege "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). This "facial plausibility" standard

1   requires the plaintiff to allege facts that add up to "more than a sheer possibility that a defendant
2   has acted unlawfully." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). While courts do not require
3   "heightened fact pleading of specifics," a plaintiff must allege facts sufficient to "raise a right to
4   relief above the speculative level." *Twombly*, 550 U.S. at 555.

5         In deciding whether the plaintiff has stated a claim upon which relief can be granted, the
6   court must assume that the plaintiff's allegations are true and must draw all reasonable inferences
7   in the plaintiff's favor. *See Usher v. City of Los Angeles*, 828 F.2d 556, 561 (9th Cir. 1987).
8   However, the court is not required to accept as true "allegations that are merely conclusory,
9   unwarranted deductions of fact, or unreasonable inferences." *In re Gilead Scis. Sec. Litig.*, 536
10  F.3d 1049, 1055 (9th Cir. 2008).

11        Pro se complaints are held to "less stringent standards than formal pleadings drafted by
12  lawyers." *Haines v. Kerner*, 404 U.S. 519, 520 (1972). Where a plaintiff is proceeding pro se, the
13  Court has an obligation to construe the pleadings liberally and to afford the plaintiff the benefit of
14  any doubt. *Bretz v. Kelman*, 773 F.2d 1026, 1027 n.1 (9th Cir. 1985) (en banc). However, pro se
15  pleadings must still allege facts sufficient to allow a reviewing court to determine whether a claim
16  has been stated. *Ivey v. Bd. of Regents of Univ. of Alaska*, 673 F.2d 266, 268 (9th Cir. 1982).

17        If the Court dismisses the complaint, it must then decide whether to grant leave to amend.
18  The Ninth Circuit has "repeatedly held that a district court should grant leave to amend even if no
19  request to amend the pleading was made, unless it determines that the pleading could not possibly
20  be cured by the allegation of other facts." *Lopez v. Smith*, 203 F.3d 1122, 1130 (9th Cir. 2000)
21  (citations and internal quotation marks omitted). Dismissal of a pro se complaint without leave to
22  amend is proper only if it is "absolutely clear that the deficiencies of the complaint could not be
23  cured by amendment." *Noll v. Carlson*, 809 F.2d 1446, 1448 (9th Cir. 1987) (quoting *Broughton
24  v. Cutter Labs.*, 622 F.2d 458, 460 (9th Cir. 1980)).

**DISCUSSION**

## I. JUDICIAL DEFENDANTS' MOTION TO DISMISS

27        The Judicial Defendants move to dismiss the claims asserted against them under Rule
28  12(b)(1) and 12(b)(6), arguing that the claims are barred by Eleventh Amendment immunity, the

*Rooker-Feldman* Doctrine, absolute judicial immunity and res judicata/collateral estoppel. Cunningham has sued them for the actions they took in Cunningham's 2011 State Court action and the subsequent appeals. Judge Cheng is sued for setting the $50,000 security and imposing it under the VLS despite the fact that Cunningham was represented. Justices Kline and Richmond are sued for allowing McKay to file motions asking for security to be imposed under the VLS during Cunningham's appeals.[5]

A state judge is absolutely immune from civil liability for damages for acts performed in his or her judicial capacity. *Pierson v. Ray*, 386 U.S. 547, 553-55 (1967) (applying judicial immunity to actions under 42 U.S.C. § 1983). Judicial immunity is an immunity from suit for damages, not just from an ultimate assessment of damages. *Mireles v. Waco*, 502 U.S. 9, 11 (1991). Whether an act by a judge is a judicial one relates to (1) the nature and function of the act and not the act itself, i.e., whether it is a function normally performed by a judge, and to (2) the expectations of the parties, *i.e.*, whether they dealt with the judge in his judicial capacity. *Stump v. Sparkman*, 435 U.S. 349, 362 (1978); see also *Duvall v. County of Kitsap*, 260 F.3d 1124, 1133 (9th Cir. 2001) (other factors to consider in determining whether a particular act is judicial include whether the events occurred in the judge's chambers, whether the controversy centered around a case then pending before the judge, and whether the events arose directly and immediately out of a confrontation with the judge in his or her official capacity). "A judge will not be deprived of immunity because the action he took was in error, was done maliciously, or in excess of his authority; rather, he will be subject to liability only when he has acted in the 'clear absence of all jurisdiction.'" *Stump v. Sparkman*, 435 U.S. at 356-57 (citing *Bradley v. Fisher*, 80 U.S. (13 Wall.) 335, 351 (1872)); *see also Mireles*, 502 U.S. at 11 (judicial immunity is not overcome by allegations of bad faith or malice); *Sadorski v. Mosley*, 435 F.3d 1076, 1079 n.2 (9th Cir. 2006) (mistake alone is not sufficient to deprive a judge of absolute immunity).[6]

---

[5] Cunningham does not allege that any security requirement was actually imposed in his appeals. The Court of Appeals denied the motions for security by order dated October 16, 2012. *See* Opinion in A134206, A134759, Judicial Defendants' RJN, Ex. 5 at 6.

[6] Absolute judicial immunity is also well-recognized under California law. *See, e.g., Howard v. Drapkin*, 222 Cal. App. 3d 843, 851 (Cal. Ct. App. 1990) (Absolute judicial immunity "bars civil actions against judges for acts performed in the exercise of their judicial functions and it applies to

5

The Court finds that the actions of Judge Cheng and Justices Kline and Richmond are protected from Cunningham's claims for damages by absolute judicial immunity. All of Cunningham's claims asserted against the Judicial Defendants arise out of rulings – or in the case of the appellate justices, their failure to stop McKay from filing motions seeking imposition of security under the VLS on appeal – made in adjudicating Cunningham's cases at the trial and appellate levels. While Cunningham asserts in his Complaint that the Judicial Defendants acted "in excess of their jurisdiction" (Complaint ¶¶ 17, 81), there are no facts alleged supporting that allegation. His own facts confirm that the Judicial Defendants were acting in their judicial capacity because he complains solely about the Judicial Defendants' rulings in his case and their allowing the VLS motions to be filed.[7] Therefore, Cunningham's damages claims against the Judicial Defendants are barred as a matter of law and must be dismissed.[8]

Cunningham's constitutional claims for injunctive and/or declaratory relief – presumably to stop the application of the VLS' security requirement to represented litigants in the future – must also be dismissed because the Judicial Defendants are not proper parties under section 1983. As the Ninth Circuit explained in *Wolfe v. Strankman*, 392 F.3d 358 (9th Cir. 2004), when judges are merely *applying* the VLS in response to motions made by parties, they are acting as "neutral adjudicators" who cannot be sued in a section 1983 action challenging a state law. *Id.*, 392 F.3d at 365 (relying on *Grant v. Johnson*, 15 F.3d 146, 148 (9th Cir.1994)). The only allegation made

---

all judicial determinations, including those rendered in excess of the judge's jurisdiction, no matter how erroneous or even malicious or corrupt they may be.").

[7] In his Opposition, Cunningham argues that the Judicial Defendants were acting in excess of their jurisdiction because their decisions had the "effect" of denying him access to the courts to vindicate his property rights. Opposition Br. [Docket No. 72] at 8. However, these allegations simply confirm that the conduct Cunningham is complaining about arose when the Judicial Defendants ruled on the motions and appeals that were before them, quintessential judicial acts.

[8] To the extent Cunningham is arguing that Judge Cheng should not have applied the VLS statute to him – because he was represented – or that Judge Cheng should not have set the amount of security required at $50,000 – but at a lesser amount – those challenges are appropriately asserted on a direct appeal from the challenged orders and are barred from this Court by the *Rooker-Feldman* doctrine. *See, e.g., Kougasian v. TMSL, Inc.*, 359 F.3d 1136, 1139 (9th Cir. 2004) (*Rooker-Feldman* doctrine prevents federal district courts "from exercising subject matter jurisdiction over a suit that is a de facto appeal from a state court judgment."); *Noel v. Hall*, 341 F.3d 1148, 1164 (9th Cir. 2003). ("If a federal plaintiff asserts as a legal wrong an allegedly erroneous decision by a state court, and seeks relief from a state court judgment based on that decision, *Rooker-Feldman* bars subject matter jurisdiction in federal district court.").

against the Judicial Defendants here concern their responses (or lack of response) made to VLS motions filed by McKay.

However, even if the injunctive/declaratory relief claims regarding the constitutionality of the VLS statute as applied to Cunningham could be asserted against the Judicial Defendants, those claims would be barred by collateral estoppel.  "Res judicata, or claim preclusion, prohibits lawsuits on 'any claims that were raised or could have been raised' in a prior action." *Stewart v. U.S. Bancorp*, 297 F.3d 953, 956 (9th Cir. 2002) (quoting *Owens v. Kaiser Found. Health Plan, Inc.*, 244 F.3d 708, 713 (9th Cir. 2001)).  Res judicata applies when there is: (1) an identity of claims; (2) a final judgment on the merits; and (3) identity or privity between parties.  *Stewart*, 297 F.3d at 956.  Collateral estoppel, or issue preclusion, applies to "prevent[] a party from relitigating an issue decided in a previous action if four requirements are met: (1) there was a full and fair opportunity to litigate the issue in the previous action; (2) the issue was actually litigated in that action; (3) the issue was lost as a result of a final judgment in that action; and (4) the person against whom collateral estoppel is asserted in the present action was a party or in privity with a party in the previous action." *Kendall v. Visa U.S.A., Inc.*, 518 F.3d 1042, 1050 (9th Cir. 2008) (citation and quotation marks omitted).

Collateral estoppel applies because the four requirements are met.  Cunningham challenged the constitutionality of the VLS statute as applied to him by the Superior Court in his appeal from the dismissal of his action for failure to post the $50,000 in security under the VLS. *See* Opposition Br. [Docket No. 72] at 3.  In his appeal, Cunningham argued that the VLS as applied to him when he was represented and the imposition of $50,000 in security denied him access to courts and was unconstitutional.  Accordingly, Cunningham had a full and fair opportunity to litigate this issue, and he did.  The Court of Appeal rejected his arguments "for a myriad of reasons" and concluded that Cunningham's "contention that his right of access is infringed upon by the statutes is unpersuasive" in light of substantial authority upholding the constitutionality of the VLS statutes.  Opinion in A134206, A134759, Judicial Defendants' RJN, Ex. 5 at 16-17.[9]  He

---

[9] The appropriateness of applying collateral estoppel in these circumstances is confirmed by the fact that Cunningham relies on the same cases to contest the VLS's constitutionality in the Court

lost as a result of a final judgment, and he is the party against whom collateral estoppel is asserted.[10]

For the foregoing reasons, Cunningham's claims against the Judicial Defendants are barred and cannot be cured by amendment. These claims are DISMISSED WITH PREJUDICE.

## II. NON-JUDICIAL DEFENDANTS' MOTION TO DISMISS

The Complaint asserts five causes of action against the Non-Judicial Defendants, who filed a joinder in the Judicial Defendants' Motion to Dismiss. Docket No. 24. In the First, Second and Fifth Causes of Action, Cunningham challenges the denial of his constitutional rights by the application of the VLS statute against him in a case where he was represented. He argues the application of the VLS against him denied him due process, denied him access to courts, and violated his right to equal protection. But as noted above, Cunningham's constitutional challenges to the VLS statute were raised and lost in his state court appeal. He cannot attempt to relitigate them here.

In the Third Cause of Action for fraud and deceit, Cunningham alleges that: (1) McKay, Coombs and Woods made false statements regarding the CC&Rs in the 2010 Petition to Compel proceedings; (2) McKay made false statements during the 2010 Petition to Compel proceedings, hiding the fact that the Non-Judicial Defendants waived their right to arbitrate by violating the building code; (3) McKay made false statements to mislead the Judge in the 2010 Petition to Compel proceedings to hide the fact that the Non-Judicial Defendants breached the 2007 TIC Agreement; (4) McKay misled the court in the 2010 Petition to Compel proceedings by choosing to sue under the TIC Agreement rather than the CC&Rs; (5) McKay made false assertions of fact in support of his VLS motions in the 2011 State Court case; (6) McKay misrepresented facts at the hearing on the Petition to Compel; and (7) McKay made misrepresentations during the oral

---

of Appeal and in this Court. *Compare* Opinion in A134206, A134759, Judicial Defendants' RJN, Ex. 5 at 16-17, discussing Cunningham's reliance on *Boddie v. Connecticut*, 401 U.S. 371 (1971); *with* Opposition Br. at 4, relying on *Boddie*.

[10] The fact that Cunningham filed a petition for review in the California Supreme Court of the Court of Appeal's decision does not undermine that decision's finality for purposes of collateral estoppel. *See Collins v. D.R. Horton, Inc.*, 505 F.3d 874, 882 (9th Cir. 2007) ("We have held that a final judgment retains its collateral estoppel effect, if any, while pending appeal.").

1  argument on the appeal of the dismissed 2011 State Court action.  As a result of these actions,
2  Cunningham contends the Non-Judicial Defendants have violated Cunningham's due process
3  rights and wrongfully caused his case to be dismissed.
4      This cause of action is based exclusively on alleged misrepresentations McKay (and to a
5  lesser extent Coombs and Woods) made in the 2010 Petition to Compel and 2011 State Court
6  actions and the related appeals.  It is barred as a matter of law by California's litigation privilege,
7  Cal. Civ. Code 47(b). [11]
8      The litigation privilege "applies to any communication (1) made in judicial or quasi-
9  judicial proceedings; (2) by litigants or other participants authorized by law; (3) to achieve the
10 objects of the litigation; and (4) that have some connection or logical relation to the action."
11 *Silberg v. Anderson*, 50 Cal. 3d 205, 212 (1990).  "Section 47(2) promotes the effectiveness of
12 judicial proceedings by encouraging 'open channels of communication and the presentation of
13 evidence' in judicial proceedings." *Id*., 50 Cal. 3d at 213 (quoting *McClatchy Newspapers, Inc. v.*
14 *Superior Court*, 189 Cal.App.3d 961, 970 (1987)).  "The litigation privilege is interpreted broadly
15 in order to further its principal purpose of affording litigants and witnesses the utmost freedom
16 of access to the courts without fear of harassment in derivative tort actions. . . . The privilege is
17 absolute and applies regardless of malice." *Malin v. Singer*, 217 Cal. App. 4th 1283, 1300 (2013),
18 *review denied* (Oct. 23, 2013).  Cunningham cannot sue McKay (or Coombs or Woods) for any
19 representations those parties made in the state court proceedings because those communications
20 are absolutely privileged.[12]
21     In his Fourth Cause of Action for breach of contract, Cunningham asserts a claim for
22 breach of the 2009 CC&Rs, arguing that Coombs and Woods breached the CC&Rs by committing
23 fraud, doing unpermitted work, and filing a suit under the 2007 TIC Agreement.  This is barred by

---

[11] To the extent Cunningham is challenging the decisions made by the state courts, those challenges are barred by the *Rooker-Feldman* doctrine discussed above.
[12] The only exception to the litigation privilege for statements made in connection with judicial or quasi-judicial proceedings is an action for malicious prosecution.  *See, e.g., Daniels v. Robbins*, 182 Cal. App. 4th 204, 216 (2010).  However, in order to state a claim for malicious prosecution, Cunningham would need to prove that the underlying litigation terminated in his favor, which Cunningham cannot show in this case.  *Id*. at 216.

res judicata in light of the 2010 Petition to Compel proceedings.

As noted above, "[r]es judicata, or claim preclusion, prohibits lawsuits on 'any claims that were raised or could have been raised' in a prior action." *Stewart v.U.S. Bancorp*, 297 F.3d 953, 956 (9th Cir. 2002) (quoting *Owens v. Kaiser Found. Health Plan, Inc.*, 244 F.3d 708, 713 (9th Cir. 2001)). The doctrine "encompasses vindication of both public and private interests. The private values protected include shielding litigants from the burden of re-litigating identical issues with the same party, and vindicating private parties' interest in repose. The public interests served include avoiding inconsistent results and preserving judicial economy." *Clements v. Airport Auth. of Washoe Cnty.*, 69 F.3d 321, 330 (9th Cir. 1995).

Res judicata applies when there is: (1) an identity of claims; (2) a final judgment on the merits; and (3) identity or privity between parties. *Stewart*, 297 F.3d at 956. Moreover under California law, the doctrine encompasses specific matters that are within the scope and related to the subject-matter litigated in the prior suit, even if the issue subsequently raised was not expressly pleaded or litigated in the prior suit. *See Thibodeau v. Crum*, 4 Cal. App. 4th 749, 755 (1992). "'The reason for this is manifest. A party cannot by negligence or design withhold issues and litigate them in consecutive actions. Hence the rule is that the prior judgment is res judicata on matters which were raised or could have been raised, on matters litigated or litigable.'" *Id.* at 755 (quoting *Sutphin v. Speik*, 15 Cal.2d 195, 202 (1940)).

Of the three necessary elements for res judicata, there is no dispute that there was a final judgment on the merits in the 2010 Petition to Compel proceedings and in the underlying arbitration – both the trial court and the appellate orders are final – and that there is an identity of parties. With respect to the identity of claims, the Court finds that the grounds supporting Cunningham's current breach of the 2009 CC&R claim were either raised or should have been raised in the 2010 Motion to Compel proceedings and the underlying arbitration.

As confirmed by the California Court of Appeal's decision (Opinion in A131914, Judicial Defendants' RJN, Ex. 3), in the 2010 Petition to Compel proceedings at the trial and appellate stages the following arguments were made: (1) Cunningham argued that the 2009 CC&Rs superseded the 2007 TIC Agreement; (2) Coombs and Woods argued that Cunningham failed to

10

refinance following condo-conversion; (3) Coombs and Woods argued that Cunningham violated the TIC Agreement and owed them money; (4) Cunningham argued that the right to arbitration was waived by unpermitted work that was not up to code; and (5) Cunningham argued that McKay (and Coombs and Woods) made misrepresentations about the TIC Agreement and CC&Rs. Opinion in A131914 at 3-6, 8, 10.

In his current Complaint, Cunningham argues that the Non-Judicial Defendants breached the 2009 CC&Rs because Coombs/Woods: (1) did work on the Property without permits and/or not to code; (2) refused to open a HOA account; (3) refused to return money to Cunningham which he deposited for his share of Property expenses; (4) refused to take steps necessary for Cunningham to refinance; and (5) improperly pursued their claims under the 2007 TIC Agreement. Complaint ¶ 148. All of these claims were litigated in the 2010 Petition to Compel proceedings and/or the arbitration, including whether the 2007 TIC Agreement was superseded by the CC&Rs, which party was owed money, the effect on the parties and Property of any unpermitted work by Coombs/Woods, and who was at fault for Cunningham's failure to refinance. They are barred by res judicata. *See Thibodeau v. Crum*, 4 Cal. App. 4th at 755 ("The doctrine of res judicata applies not only to judicial proceedings but also to arbitration proceedings.").

In his Opposition to the Non-Judicial Defendants' joinder in the Judicial Defendants' Motion to Dismiss (Docket No. 77) and at oral argument, Cunningham argued that his breach of the CC&R cause of action cannot be barred by res judicata because the "interplay" between the 2007 TIC Agreement and the 2009 CC&Rs was never decided by a court. Docket No. 77 at 3. However, the existence of the 2009 CC&Rs was raised in the 2010 Petition to Compel proceedings and whether the 2009 CC&Rs superseded the TIC Agreement was discussed and rejected by the Court of Appeal. Opinion in A131914 at 2. More importantly, if Cunningham had breach of contract claims that depended on the CC&Rs, or truly hinged on the "interplay" between the CC&Rs and the TIC Agreement, he could have and should have litigated those claims in the arbitration which, as noted above, determined the liability and monies owed as between

Cunningham and Coombs/Woods, the liability for Cunningham's failure to refinance, and so on.[13] Cunningham cannot attempt to repackage his claims in this Court because he chose not to pursue them in the arbitration or did not like how the Superior Court or the Court of Appeal ruled on the petition to compel and motion to confirm the arbitration award.

To be clear, the Court is not basing its res judicata finding on the claims Cunningham asserted in the 2011 State Court action.[14] Instead, the initial 2010 Petition to Compel and subsequent arbitration proceedings are where Cunningham did (or should have) raised each of the grounds on which he rests his current breach of contract cause of action.

Because none of the five causes of action stated against the Non-Judicial Defendants has any merit, each is DISMISSED WITH PREJUDICE as to the Non-Judicial Defendants.

## III. ATTORNEY GENERAL HARRIS' MOTION TO DISMISS

Defendant California Attorney General Kamala Harris moves to dismiss the claims asserted against her. Cunningham has not filed an Opposition to that motion and defendant Harris has not filed a Reply. The only allegation in his complaint regarding Harris is that the Attorney General is "responsible for upholding and enforcing laws under California Constitution, Article 5, section 13." Complaint ¶ 15.

Harris moves to dismiss arguing that the claims asserted against her – in her official capacity – are barred by the Eleventh Amendment. "The Eleventh Amendment prohibits federal courts from hearing suits brought against an unconsenting state. Though its language might suggest otherwise, the Eleventh Amendment has long been construed to extend to suits brought against a state by its own citizens, as well as by citizens of other states." *Brooks v. Sulphur Springs Valley Elec. Coop.*, 951 F.2d 1050, 1053 (9th Cir. 1991) (internal citations omitted). The Eleventh

---

[13] Cunningham is correct that because of the limited scope of proceedings on a motion to compel arbitration, he could not have asserted his breach of contract claims based on the 2009 CC&Rs in the Superior Court in response to the Petition to Compel arbitration. However, he could and should have asserted his breach of contract claims in the arbitration itself, as that proceeding determined who breached the parties' various agreements and whether monies were owed between the parties.

[14] The Court agrees with Cunningham that res judicata cannot apply to the 2011 State Court action because the claims against McKay, Woods and Coombs were dismissed due to Cunningham's failure to post security under the VLS.

Amendment also bars damages actions against state officials in their official capacity. *Flint v. Dennison*, 488 F.3d 816, 824-25 (9th Cir. 2007); see also *Pennhurst State Sch. & Hosp. v. Halderman*, 465 U.S. 89, 121 (1984) ("a claim that state officials violated state law in carrying out their official responsibilities is a claim against the State that is protected by the Eleventh Amendment."). The damages claims asserted against defendant Harris, therefore, are DISMISSED WITH PREJUDICE.

The Eleventh Amendment does not bar suits for prospective declaratory or injunctive relief against state officials in their official capacity under the *Ex Parte Young* exception to the Eleventh Amendment. *Idaho v. Coeur d'Alene Tribe of Idaho*, 521 U.S. 261, 269 (1997); *see also Ex Parte Young*, 209 U.S. 123 (1908). In order to fall within the *Ex Parte Young* exception, Cunningham would need to allege that defendant Harris had a "direct connection" to enforcing the challenged act. *Ass'n des Eleveurs de Canards et d'Oies du Quebec v. Harris*, 729 F.3d 937, 943 (9th Cir. 2013). A "generalized duty to enforce state law or general supervisory power over the persons responsible for enforcing the challenged provision will not subject an official to suit." *Los Angeles Cnty. Bar Ass'n v. Eu*, 979 F.2d 697, 704 (9th Cir. 1992). Here, the only allegation made against Attorney General Harris is that she had a generalized duty to enforce the VLS. In absence of any "direct" allegations of Harris' role with respect to the VLS (or the application of the VLS against Cunningham), the claims against defendant Harris must be DISMISSED WITH PREJUDICE.

**IV. CHIEF JUSTICE CANTIL-SAKAUYE'S MOTION TO DISMISS**

The Chief Justice of the California Supreme Court, named in her official and administrative capacity, also moves to dismiss. Defendant Cantil-Sakauye first argues that she should be dismissed because she was not properly served as the summons issued by this Court did not name her personally. Recognizing the omission, Cunningham filed a "notice of errata" on November 6, 2013, asking the Court to allow him to amend the caption to include Cantil-Sakauye, and points out that she was identified as a defendant in the Complaint at paragraph 16. Docket No. 21. The Court finds good cause exists to allow Cunningham to file the amended caption in order to clarify that Cantil-Sakauye is a defendant in this action.

Cantil-Sakauye also moves to dismiss on the basis of Eleventh Amendment immunity. As with defendant Harris above, the Chief Justice of the California Supreme Court is a state official protected from suit by the Eleventh Amendment. With respect to the *Ex Parte Young* exception for injunctive relief claims, Cantil-Sakauye argues that Cunningham has failed to show that the VLS statute as applied to him is unconstitutional and Cunningham's constitutional challenge is foreclosed by the *Rooker-Feldman* doctrine (because Cunningham litigated his constitutional challenge in his state court proceedings) and foreclosed by the Ninth Circuit's decision in *Wolfe v. George*, 486 F.3d 1120 (9th Cir. 2007), which upheld the constitutionality of the VLS as applied to litigants in civil cases.[15]

As to the first issue, Cunningham made a constitutional challenge to the VLS statute – regarding its application to a represented litigant and the imposition of the security requirement – in his state court proceedings. *See, e.g.*, Opinion in A134206, A134759, Judicial Defendants' RJN, Ex. 5 at 16-17. Under the *Rooker-Feldman* doctrine, Cunningham cannot attempt to relitigate that challenge in this Court in order to get a different result. The Court also notes that in another Northern District of California case, Cunningham argued unsuccessfully that the VLS could not be constitutionally applied to him and his attorney when he was represented. *See* Complaint in Case No. 10-4866, *Cunningham v. Feinstein et al.*, Docket No. 1 at ¶¶ 61, 61, 65. The similar claims made here are foreclosed by collateral estoppel.

As to the second, the Ninth Circuit in *George* upheld the VLS statute and its security requirement against due process and equal protection challenges. 486 F.3d at 1126-27; *see also Pierce v. Cantil-Sakauye*, C 13-01295 JSW, 2013 WL 4382735 (N.D. Cal. Aug. 13, 2013) (holding that Cunningham's constitutional challenge to VLS as applied to parents in custody disputes was foreclosed by *George*). Here, Cunningham makes two sets of constitutional challenges to the VLS. First, application of the VLS to a represented litigant violates a party's due process and equal protection rights under the 14th Amendment. Second, the requirement of

---

[15] The Chief Justice, in her administrative capacity as Chair of the Judicial Council, is an appropriate defendant on a constitutional challenge to the VLS. *See Wolfe v. Strankman*, 392 F.3d 358, 366 (9th Cir. 2004).

"security" under the VLS from a represented litigant violates a party's equal protection rights under the 14th Amendment.  *See* Complaint at 46 ("Prayer").

The Court agrees with Cantil-Sakauye that these challenges are foreclosed by *George*.  In particular, the *George* Court rejected the notion that the California statute denies due process of law by requiring "vexatious litigants" to furnish security because it imposes a financial barrier on access to the courts.  486 F.3d at 1125.  The Court found that the review and security requirements of the VLS did not deprive parties of access to the Court, but instead rationally served California's interests in efficiency and protecting defendants from harassment by frivolous litigation.  The Court also found that the security requirement, which could be imposed only following a hearing, was likewise rationally related to the goals of the statute and did not deny litigants due process.  *Id*. at 1127.

As noted above, Cunningham does not attack the constitutionality of the VLS statute itself but only its application to represented litigants.  There is nothing constitutionally significant about having counsel that would prevent a litigant who has been or is determined to be vexatious under the California law from having the statute applied to a case where he was represented.  Similarly, the *George* Court's determination that the security requirement is constitutional is not undermined when the security requirement is applied to a litigant who is represented.

The Court finds that while Cantil-Sakauye is an appropriate defendant to defend against Cunningham's constitutional challenges to the VLS, those challenges are foreclosed both by his prior litigation and the opinion in *Wolfe v. George*, 486 F.3d 1120 (9th Cir. 2007).  Therefore, the claims asserted against defendant Cantil-Sakauye are DISMISSED WITH PREJUDICE.

## V. MOTION TO DECLARE CUNNINGHAM A VEXATIOUS LITIGANT AND FOR A PREFILING ORDER

The Non-Judicial Defendants move for an order declaring Cunningham a vexatious litigant and imposing a pre-filing review order under 28 U.S.C. § 1651.  Docket No. 26.  The motion has been joined by the Judicial Defendants.  Docket No. 80.

"The All Writs Act, 28 U.S.C. § 1651(a), provides district courts with the inherent power to enter pre-filing orders against vexatious litigants." *Molski v. Evergreen Dynasty Corp.*, 500

F.3d 1047, 1057 (9th Cir. 2007).  There are four steps courts must take prior entering pre-filing orders:  (1) the litigant must be given notice and a chance to be heard before the order is entered; (2) the district court must compile an adequate record for review; (3) the district court must make substantive findings about the frivolous or harassing nature of the Cunningham's litigation; and (4) the vexatious litigant order "'must be narrowly tailored to closely fit the specific vice encountered.'" *Id*. (quoting *De Long v. Hennessey*, 912 F.2d 1144, 1148 (9th Cir.1990)).  "However, such pre-filing orders are an extreme remedy that should rarely be used.  Courts should not enter pre-filing orders with undue haste because such sanctions can tread on a litigant's due process right of access to the courts."  *Id*. at 1057 (internal citation omitted).

Defendants ask the Court to impose a pre-filing order on Cunningham based on the following record:

- The current case is frivolous/harassing as it is barred by res judicata/collateral estoppel and the *Rooker-Feldman* doctrine, in light of arguments Cunningham made in the 2010 Petition to Compel proceedings and the 2011 State Court action;
- The claims in the 2011 State Court action – although dismissed for failure to post the security under the VLS – were likewise frivolous/harassing because they were barred by res judicata in light of the 2010 Petition to Compel proceedings;
- Cunningham filed three appeals from rulings made in the 2011 State Court action and sought to disqualify Justices Kline and Richmond from those appeals after the oral argument;
- In the 2010 Petition to Compel proceeding, Cunningham filed three unsuccessful motions for reconsideration of the order granting the motion to compel arbitration, did not participate in the arbitration, and then tried to collaterally attack the arbitration award on a motion to vacate the award, and unsuccessfully appealed the same;
- While the 2011 State Court action was being litigated, Cunningham filed motions to stay the appeal from the 2010 action as well as the proceedings in the 2011 action.  When the stays were denied, Cunningham filed a Chapter 13 bankruptcy petition for the purpose of staying enforcement of the judgment in the 2010 action.  In that bankruptcy petition,

Cunningham again contested the judgment of the 2010 action and, after defendants filed a motion seeking relief from the stay, Cunningham dismissed the bankruptcy petition;

- Cunningham was declared a vexatious litigant twice in connection with dissolution proceedings in San Francisco Superior Court. Cunningham filed seven actions related to the dissolution proceedings against his former wife and her attorney, and against judges, justices and other court personnel. Cunningham also filed over twenty appeals or writ petitions to the Court of Appeal, eight petitions to the California Supreme Court and two appeals in the Ninth Circuit Court of Appeals all seeking to directly or collaterally attack orders made in the dissolution proceedings. Other than getting a partial reversal of one award of fees to a court appointed custody evaluator, Cunningham was unsuccessful in every one of his complaints, petitions, appeals and writs.

- Cunningham also has filed at least two suits in the Northern District of California challenging the constitutionality of aspects of the VLS, including its application in family law proceedings, Cunningham's claims in the second suit being dismissed as barred by res judicata from the first suit. *Pierce v. Cantil-Sakauye*, C 13-01295 JSW, 2013 WL 4382735 (N.D. Cal. Aug. 13, 2013).

Defendants argue that Cunningham's pattern of filing cases that attempt to collaterally attack the orders and judgment entered in his prior cases, and the naming of judges and justices whose opinions and judgments he disagrees with as defendants in his subsequent cases, demonstrate the frivolous or harassing nature of the Cunningham's litigation.

There is certainly a pattern of Cunningham's attempting to collaterally attack opinions and judgments in other cases. There is also a pattern of Cunningham's suing judges and justices over their decisions. That said, the Court is not inclined to impose a pre-filing order under 28 U.S.C. § 1651(a) at this time. Cunningham has filed multiple suits regarding the application of the VLS to family law proceedings, but his conduct here has not risen to the level of vexatious with respect to his challenge to the application of the VLS to a represented party. Although the Court rejects the claims brought in this case – as barred by judicial immunity, res judicata/collateral estoppel, the *Rooker-Feldman* doctrine and foreclosed by precedent – the Court is not inclined to issue a pre-

filing order under § 1651(a).  The Court will, however, look at any subsequent filed cases that rest on the same subject matter and will consider imposing Rule 11 or other appropriate sanctions if warranted.

**CONCLUSION**

For the foregoing reasons, the Court GRANTS defendants' motions to dismiss and DISMISSES this case WITH PREJUDICE.  The Court DENIES without prejudice the motion to declare Cunningham a vexatious litigant.

**IT IS SO ORDERED**.

Dated: January 14, 2014

_____
WILLIAM H. ORRICK
United States District Judge

UNITED STATES DISTRICT COURT

FOR THE

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ARCHIBALD CUNNINGHAM,<br><br>        Plaintiff,<br><br>  v.<br><br>JOHN MCKAY ET AL et al,<br><br>        Defendant. | Case Number: CV13-04627 WHO<br><br>**CERTIFICATE OF SERVICE** |

I, the undersigned, hereby certify that I am an employee in the Office of the Clerk, U.S. District Court, Northern District of California.

That on January 14, 2014, I SERVED a true and correct copy of the attached, by placing said copy in a postage paid envelope addressed to the person hereinafter listed, by depositing said envelope in the U.S. Mail.

Archibald Cunningham
1489 McAllister Street
San Francisco, CA 94115

Dated: January 14, 2014

Richard W. Wieking, Clerk
By: Jean Davis, Deputy Clerk